**UNITED STATES of America,**
**Appellee,**

v.

**Vladimir KORIAKOV, Defendant–**
**Appellant.**

**No. 05–1746–CR.**

United States Court of Appeals,
Second Circuit.

Oct. 26, 2005.

Glen G. McGorty, Assistant United States Attorney for the Southern District of New York (Miriam E. Rocah, Katherine

Polk Failla, Assistant United States Attorneys for the Southern District of New York, David N. Kelley, United States Attorney for the Southern District of New York, on the brief), New York, NY, for Appellee, of counsel.

Randall D. Unger (Elizabeth Macedonio, Bayside, NY, for Appellant, of counsel).

PRESENT: Hon. DENNIS JACOBS, Hon. JOSÉ A. CABRANES, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 26th day of October, two thousand five.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be AFFIRMED.

Vladimir Koriakov appeals from a judgment of conviction entered on April 4, 2005 in the Southern District of New York (Pauley, *J.*) following a jury trial. Koriakov was convicted on six counts: mail fraud, health care fraud, making false statements in connection with health care matters, and conspiracy to commit each offense. All related to an insurance fraud scheme involving a staged automobile accident. Koriakov procured the insurance for the car used in the staged accident and provided advice to Gvozdev (a government informant posing as a co-conspirator) on how and when to undertake the staged accident so as to limit insurance company

scrutiny. We assume the parties' familiarity with the facts, the procedural context, and the specification of appellate issues.

1. We will reverse on an appellate challenge to the sufficiency of the evidence "only if no rational factfinder could have found the crimes charged proved beyond a reasonable doubt." *See United States v. Gaskin,* 364 F.3d 438, 459–60 (2d Cir. 2004). "[W]e must review the evidence in the light most favorable to the government, drawing all reasonable inferences in its favor." *Id.* "Once a conspiracy is shown to exist, the evidence sufficient to link another defendant to it need not be overwhelming." *United States v. Amato,* 15 F.3d 230, 235 (2d Cir.1994) (internal quotations omitted). Nevertheless, "evidence of purposeful behavior designed to further a conspiracy must be shown to prove membership in that conspiracy." *United States v. Chang An–Lo,* 851 F.2d 547, 554 (2d Cir.1988).

The government introduced transcripts of conversations between Koriakov and Gvozdev. While the two did not discuss the conspiracy in open terms, Koriakov made many statements from which a jury could reasonably infer that he fully was aware of the purpose of the conspiracy and intended to further its ends.[1] *See United States v. Samaria,* 239 F.3d 228, 234 (2d Cir.2001) ("A conspiracy need not be shown by proof of an explicit agreement but can be established by showing that the parties have a tacit understanding to carry out the prohibited agreement.") (internal quotations omitted); *United States v. Gleason,* 616 F.2d 2, 16 (2d Cir.1979) ("To be convicted as a member of a conspiracy,

---

1. The fact that Gvozdev was a government informant does not affect the existence of the conspiracy. See *United States v. Miranda–Ortiz,* 926 F.2d 172, 175 (2d Cir.1991) ("Although a person acting as an agent of the government cannot be a coconspirator, the presence of a government agent does not destroy a conspiracy in which at least two other private individuals have agreed to engage in an unlawful venture.") (internal quotations and citations omitted).

a defendant need not know every objective of the conspiracy, every detail of its operation or means employed to achieve the agreed-upon criminal objective, or even the identity of every co-conspirator.") (internal citations omitted). The government's evidence was sufficient to support Koriakov's conviction on all six counts.

2. As to the introduction of the coconspirators' plea allocutions at trial, Koriakov failed to make a timely constitutional objection (and indeed acceded to the introduction of the allocutions as a matter of defense tactics). Even assuming that the allocutions constituted "testimonial statements" under *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), we review Confrontation Clause claims that are not raised below for plain error. *See United States v. Rivera,* 2005 WL 2323160, *3, 2005 U.S.App. LEXIS 20679, *6 (2d Cir.2005); *United States v. Dukagjini,* 326 F.3d 45, 60 (2d Cir.2003). Under plain error review, an appellant must demonstrate, *inter alia,* that the error affected "substantial rights." *Johnson v. United States,* 520 U.S. 461, 467, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997) (quoting *United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)).[2] Because other evidence was wholly sufficient to demonstrate the existence of the conspiracy, we hold that any Confrontation Clause violation under *Crawford* did not constitute plain error.

3. As to the district court's rejection (on hearsay grounds) of testimony regarding a conversation between Kletselman (a co-conspirator) and Gvozdev, we review a district court's evidentiary rulings-including hearsay rulings-for abuse of discretion. *See United States v. Taubman,* 297 F.3d 161, 164 (2d Cir.2002). It is unclear whether Koriakov wished to introduce the testimony for substantive or merely impeachment purposes, but the district court did not err in either event. With respect to substantive admissibility: "[t]he statement of a conspirator, offered for its truth by a co-conspirator, is not within [Fed.R.Evid. 801(d)(2)(E) ]." *United States v. Milstein,* 401 F.3d 53, 73 (2d Cir.2005). With respect to admissibility for impeachment purposes: even assuming that Koriakov did argue at trial that the testimony regarding the conversation was admissible under Fed R. Evid. 806, inconsistency is a requirement for admissibility under Fed.R.Evid. 613(b). Koriakov has failed to demonstrate (nor can we discern) an inconsistency between anything said by Kletselman during his conversation with Gvozdev and Kletselman's prior trial testimony. Consequently, the district court did not abuse its discretion.

For these reasons, the decision of the district court is AFFIRMED.

**2.** Some of this Court's past cases have suggested a "modified plain-error" rule that places the burden of demonstrating that the error was harmless on the government, not the defendant. *See, e.g., United States v. Henry,* 325 F.3d 93, 100 (2d Cir.), cert. denied, 540 U.S. 907, 124 S.Ct. 203, 157 L.Ed.2d 194 (2003). Because, even absent the allocutions, the evidence in the instant case sufficed to establish the existence of the conspiracy regardless of the allocation of burden, we decline to decide the continued viability of the "modified plain-error" approach.